UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ALEJANDRO DIAZ,

                Petitioner,

                                                  **MEMORANDUM & ORDER**

     -against-

                                                  05 CV 3907

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------X

DEARIE, Chief Judge.

       Petitioner moves to vacate his conviction pursuant to 28 U.S.C. § 2255. For the reasons set forth below and in the government's letter opposition, dated June 1, 2010, petitioner's application for relief is denied, and the petition is dismissed.

       In June 2005, petitioner pled guilty pursuant to a superseding plea agreement to narcotics conspiracy charges in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). On June 27, 2005, this Court downwardly departed from the applicable United States Sentencing Guidelines range and sentenced him to 78 months in prison, four years of supervised release and a $100 special assessment. The superseding plea agreement reflected an applicable statutory five-year minimum and a Guidelines estimate of 97 to 121 months. As part of the plea agreement, petitioner waived his right to appeal or otherwise challenge his conviction or sentence provided the Court imposed a term of imprisonment of 168 months or less.

       One month later, on July 27, 2005, petitioner filed this petition, claiming that in calculating his sentence, this Court mistakenly applied a statutory ten-year mandatory minimum instead of a five-year mandatory minimum, and that counsel was ineffective

for failing to raise the issue. At the government's request, the action was stayed while petitioner's direct appeal was pending. The government moved to dismiss the direct appeal based on the waiver in the plea agreement. Petitioner then sought to withdraw his appeal, and the Second Circuit granted his request on July 9, 2007. Due to administrative oversight, the Court was not advised of that disposition.

Petitioner does not argue that his plea waiver was not knowing and voluntary nor does he argue that he received ineffective assistance of counsel in entering into the plea agreement. His claims relate only to this Court's sentencing calculation and counsel's performance at sentencing. Thus, his challenge is to "the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government." United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998). As the Second Circuit held: "[i]f we were to allow a claim of ineffective assistance of counsel at sentencing as a means of circumventing plain language in a waiver agreement, the waiver of appeal provision would be rendered meaningless." Id.

Moreover, petitioner's claims fail on the merits. The transcript of petitioner's sentencing makes clear that the Court was well aware that although petitioner originally pled to a charge carrying a ten-year mandatory minimum, petitioner had withdrawn that plea with the government's consent and pled guilty to a lesser-included offense of Court One of the superseding indictment against him that carried only a five-year mandatory minimum. (Sent. Tr. at 2). The Court noted that it had no authority to sentence petitioner to less than 60 months and downwardly departed from the applicable range of 97 to 121 months to impose a 78 month sentence. (Sent. Tr. at 10, 12, 14.)

2

Accordingly, this action is hereby reopened. Petitioner's motion to vacate is denied, and the petition is dismissed. A certificate of appealability will not issue. The Clerk of the Court is directed to close the case.

SO ORDERED

Dated: Brooklyn, New York
August 13, 2010

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge